# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **BENJAMIN WRIGHT,** | : |
| | : |
|    **Petitioner,** | : |
| | :    **7:03-CR-21 (HL)** |
| **v.** | :    **7:05-CV-35 (HL)** |
| | : |
| **UNITED STATES OF AMERICA,** | : |

## ORDER

Before the Court is a Report and Recommendation (Doc. 67) from United States Magistrate Judge G. Mallon Faircloth that recommends denying Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody.[1] Petitioner has filed objections to the recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the Court has thoroughly considered Plaintiff's objections and has made a de novo determination of the portions of the recommendation to which Plaintiff objects. For the reasons stated below, the recommendation is accepted and Petitioners Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 59) is denied.

Petitioner asserts three main arguments in his objections to the Magistrate Judge's recommendation: (1) Counsel failed to advise him prior to sentencing that he would be exposed to career offender status, (2) Petitioner's sentence was improper under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000), because the Court relied on facts that were not

---

[1] The Court vacated the previous order adopting Magistrate Judge Faircloth's Recommendation as a result of granting Petitioner's Motion to Alter or Amend Judgment. This order is a substitution for the vacated order.

admitted; and (3) Petitioner is entitled to an evidentiary hearing because his claims are not directly contradicted by the case record.

## I. INEFFECTIVE ASSISTANCE OF COUNSEL

First, Petitioner argues that his counsel failed to advise him that he was classified as a career offender or explain the Notice of Estimated Guideline Range provided by the Government. Yet, as noted by the Magistrate Judge in his recommendation, Petitioner answered affirmatively during the plea colloquy when asked if he understood the maximum possible sentence for the crime and that the sentence imposed could be greater than estimates given by his attorney. Accordingly, counsel's alleged failure to advise petitioner that he may be classified as a career offender did not amount to ineffective assistance of counsel. See Bradley v. United States, 905 F.2d 359, 360 (11th Cir. 1990) ("To the extent that Bradley claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where Bradley acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed."); U.S. v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005) (holding that counsel's failure to advise petitioner that he may be classified as a career offender was not ineffective assistance of counsel when petitioner acknowledged during his guilty plea that the maximum possible sentence could be greater than anticipated).

## II. SENTENCING

Petitioner first argues that his sentence was improperly enhanced, under Apprendi, when he was classified as a career offender, presumably because the fact that he had prior state criminal convictions was not proven beyond a reasonable doubt. Yet, Apprendi explicitly excludes prior convictions from the requirement that any fact used to enhance a defendant's sentence beyond the prescribed maximum be proven beyond a reasonable doubt. See Apprendi, 530 U.S. at 489, 120 S. Ct. at 2362-63. Therefore, the fact that the Court enhanced Petitioner's sentence to reflect his career offender status, as evidenced by his multiple prior convictions, does not violate the rule announced in Apprendi.

Second, Petitioner attempts to argue the merits of his prior state court convictions, asserting that his prior state convictions are currently being challenged and cannot be used to enhance his sentence. Petitioner is mistaken. At the time of sentencing, a prior conviction that has not been vacated or otherwise set aside on direct or collateral review "is presumptively valid and may be used to enhance the federal sentence." Daniels v. United States, 532 U.S. 374, 382, 121 S. Ct. 1578, 1583 (2001) (citing Curtis v. United States, 511 U.S. 485, 496-97, 114 S. Ct. 1732, 1738 (1994)). Further, "[t]he presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255."[2] Id.

---

[2] This rule is subject to but one exception: "A defendant may challenge a prior conviction as the product of a Gideon violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding." Daniels, 532 U.S. at 382, 121 S. Ct. 1583. As petitioner has not asserted that he was not represented by counsel during the proceedings which resulted in his state convictions, which would constitute a Gideon violation, the Court need not address the issue.

**III. EVIDENTIARY HEARING**

Finally, Petitioner argues that he is entitled to an evidentiary hearing because factual allegations contained in his original motion are in dispute. The Court does not agree. An evidentiary hearing on a § 2255 Motion is "not required on patently frivolous claims[,] those which are based upon unsupported generalizations[,] [or] where the petitioner's allegations are affirmatively contradicted by the record." See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (quoting Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979)[3]). Further, "purely legal issues may be decided without an evidentiary hearing where the petitioner would suffer no prejudice as a result." Hinman v. United States, 730 F.2d 649, 652 (11th Cir. 1984) (citing Forrester v. United States, 456 F.2d 905, 907 (5th Cir. 1972)).

In the present case, taking each factually allegation made by Petitioner as true, Petitioner is not entitled to relief. As previously discussed, even assuming Petitioner's attorney failed to alert Petitioner to the possibility that he could be classified as a career offender, the attorney's actions do not raise to the level of ineffective assistance of council in light of Petitioner's responses during the plea colloquy. Further, Petitioner's claim that his sentence was enhanced in violation of the rule set forth in Apprendi is a purely legal issue, based on unsupported generalizations, and affirmatively contradicted by the record and relevant case law. Accordingly, Petitioner is not entitled to an evidentiary hearing.

---

[3]Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to October 1, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

For the reasons explained herein, the Magistrate Judge's Report and Recommendation is accepted and Petitioners Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody is denied.

**SO ORDERED**, this the 10th day of January, 2006.

s/   Hugh Lawson
**HUGH LAWSON, Judge**

scs