**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

BENJAMIN WRIGHT,                    *

          Petitioner,        *        CASE NO. 7:06-CV-68 HL

v.                                  *            28 U.S.C. § 2255

                      *        CASE NO. 7:03-CR-21 HL

UNITED STATES OF AMERICA,           *

          Respondent.        *

## REPORT AND RECOMMENDATION

      Petitioner Wright was charged in a two Count Indictment returned in this court on July 18, 2003, with Possession With Intent to Distribute More Than 5 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii) in Count One, and in Count Two with Possession With Intent to Distribute More Than 50 Grams of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).  (Doc. 1)    Petitioner entered into a Plea Agreement with the Government (Doc. 44) and pled guilty to Count One of the Indictment. He was sentenced on April 22, 2004, to a term of 210 months imprisonment. He appealed his sentence to the United States Court of Appeals for the Eleventh Circuit which denied the same on October 13, 2004 (Doc. 58), as prohibited by a valid appeal waiver contained in the Plea Agreement.

      On April 21, 2005, Petitioner Wright filed a timely Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 59), in which he enumerated in an Attachment to his petition two Grounds for relief from his conviction and sentence.  In his Ground One, Petitioner Wright claimed:

> The Petitioner submits that defense counsel was ineffective for the following reasons:
>
> .... (5) depriving Petitioner of the ability of cooperating with the government and obtaining a 5k1 motion ....

(Doc. 59 at 5). [Petitioner's Ground Two is not relevant here.]  Having reserved the right, on July 19, 2007, Petitioner Wright filed a Memorandum (Doc. 63), in support of his § 2255 motion, and on October 11, 2005, he filed his Supplemental Memorandum (Doc. 65) in support of motion.   Petitioner's § 2255 Motion was ultimately denied by the district court on December 7, 2005 (Doc. 69), whereupon, Petitioner Wright filed a Motion To Alter or Amend Pursuant to Rule 59(e) on December 8, 2005 (Doc. 72). The district court granted that Motion on January 10, 2006 (Doc. 73), but reinstated its Order Denying Petitioner's § 2255 Motion on January 11, 2006.  (Doc. 74).  Petitioner appealed and filed many motions. Relevent to this discussion, the United States Court of Appeals for the Eleventh Circuit, on December 28, 2006, granted Petitioner Wright a certificate of appealability on the following issues only:

> (1) Whether, in light of *Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims raised in [petitioner's] motion to vacate his sentence pursuant to 28 U.S.C. § 2255.
>
> (2) If so, whether the district court violated *Clisby* by failing to address [petitioner's] claim that, due to ineffective assistance from his counsel, he was deprived of a substantial assistance reduction, pursuant to U.S.S.G. § 5K1.1.

(Doc. 97 at 3).  The Court of Appeals answered both questions in the affirmative, vacated the district court's judgment, and "remanded the case for consideration of that claim."  *Id.*

2

at 3.

The Circuit Court footnoted on December 4, 2008, in another decision on Petitioner Wright's continuing litigation, that the remanded claim from its 2006 decision, was still pending before the district court.  *See Wright v. United States,* No. 07-15137 (11th Cir. 2008).

The docket of this court reveals that the mandate of the United States Court of Appeals for the Eleventh Circuit was received and filed on February 23, 2007 (Doc. 97), while Petitioner's authorized successive Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 87) was proceeding in the district court.  On July 30, 2007, the Government was ordered by this court to file a Response to the issue remanded on Petitioner's Document 49 Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  (Doc. 103).   The Government filed its Response on September 28, 2007. (Doc. 109).  No Reply to the Government's Response was filed by Petitioner Wright.

In Wright's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 49), he does not, *per se*, specify his grounds claimed for collateral relief.  In his Attachment thereto, as noted above, he sets out as his fifth enumeration of ineffective assistance of counsel that his counsel "depriv[ed] Petitioner of the ability of cooperating with the government and obtaining a 5k1 motion ...".  *Id.* at 5. As pointed out in the Government's Response (Doc. 109 at 3), and as supported by the record of this action, "That is the extent of the claim on this issue as it was originally raised by Wright's motion."  Wright's only mention of a substantial assistance complaint appears in Issue IV, Subsection F, of his Memorandum In Support of his Motion (Doc. 63), where he states:

3

> Ineffective Assistance – Denial of Opportunity to Reduce
> Sentence ... .
> The Petitioner further submits that defense counsel was
> ineffective for filing unwarranted objections to the PreSentence
> Report (without Petitioner's knowledge), that as a result, denied
> Petitioner the opportunity of having the government file a 5K1
> or Rule 35(b) motion on his behalf.

*Id.* at 26.   Petitioner Wright failed entirely to address this issue in his Supplemental

Memorandum (Doc. 65) in support of his motion or in his Reply (Doc. 68) to the

government's Response to his Supplemental Motion.   Petitioner Wright acknowledges at

page 13 of his Memorandum (Doc. 63) that, "The Petitioner further acknowledged that he

was informed by the Court that the agreement he entered into is between himself and the

government, not an agreement with the Court."

Petitioner Wright had the burden of proof here that (1) he could have rendered

substantial assistance to the government to the extent that the Government would have agreed

to recommend a reduction pursuant to U.S.S.G. § 5K1.1 or Rule 35 to the Court, (2) that the

Court would have accepted any such recommendation so as to reduce Petitioner's sentence

any lower than it did,[1] and (3) more specifically, that had his attorney conducted his

representation differently, the result of Petitioner's case would actually have been altered.

Indeed, neither in Petitioner Wright's Memorandum In Support of his Motion (Doc. 65), nor

in his Affidavit  attached thereto as Exhibit B to his first Memorandum, does he make any

reference to any claim that his counsel was ineffective by depriving him of a substantial

---

[1]Petitioner also acknowledges at Doc. 63 at 13 that his sentence could have been up to 40 years.
Petitioner was sentenced to 210 months.

assistance motion under 5K1.1.

## Standard for Determination of Ineffective Assistance of Counsel

To establish a claim for relief based upon ineffective assistance of counsel, Petitioner must meet the two pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984).  (1) Petitioner must show that his counsel's representation was deficient and (2) Petitioner must show that this deficient representation prejudiced Petitioner. *Id.,* 466 U.S. at 687; see *Baxter v. Thomas,* 45 F. 3d 1501, 1512 (11th Cir. 1995).  The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process.  *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S. Ct. 366 (1985).  As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct.  *Hill,* 474 U.S. at 58.  Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.  *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984).  The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  *Hill,* 474 U.S. at 59.  In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pleaded guilty and would have insisted on going to trial.  *Id.*

Sound tactical decisions within the range of reasonable professional competence are not vulnerable to collateral attack.  See, e.g. *Weber v. Israel,* 730 F. 2d 499, 508 (7th Cir. 1984), cert denied, 469 U.S. 850, 105 S. Ct. 167 (1984); *United States v. Guerra,* 628 F.2d 410, 413 (5th Cir. 1980), cert denied,  450 U.S. 934, 101 S. Ct. 1398 (1981).  A tactical decision amounts to ineffective

assistance of counsel "only if it was so patently unreasonable that no competent attorney would have

chosen it." *Adams v. Wainwright,* 709 F.2d 1443, 1445 (11th Cir. 1983), cert denied, 464 U.S. 1063,

104 S. Ct. 745 (1984); accord *Strickland,* 466 U.S. at 690.

Tactical decisions made by counsel do not render assistance ineffective merely because, in

retrospect, it is apparent that counsel chose the wrong course.  *Adams v. Balcom***,** 688 F. 2d 734,

739 (11th Cir. 1982); see also *Alexander v. Dugger,* 841 F. 2d 371, 375 (11th Cir. 1988).  Thus, a

court deciding an ineffectiveness claim must judge the reasonableness of counsel's challenged conduct

on the facts of the particular case, viewed as of the time of counsel's conduct. *Strickland,* 466 U.S.

at 690.  The Eleventh Circuit Court of Appeals stated in *Rogers v. Zant,* 13 F.3d 384, 386 (1994):

> The cases in which habeas petitioners can properly prevail on the
> ground of ineffective assistance of counsel are few and far between.
> "The benchmark for judging any claim of ineffectiveness must be
> whether counsel's conduct so undermined the proper functioning of
> the adversarial process that the trial cannot be relied on as having
> produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686,
> 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the Petitioner
> must "show that there is a reasonable probability that, but for
> counsel's unprofessional errors, the result of the proceedings would
> have been different." *Id.* at 694..... When reviewing whether an
> attorney is ineffective, courts "should always presume strongly that
> counsel's performance was reasonable and adequate." *Atkins v.
> Singletary*, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should
> be highly deferential to those choices ... that are arguably dictated by
> a reasonable trial strategy." *Devier v. Zant*, 3 F.3d 1445, 1450 (11th
> Cir. 1993).  Even if many reasonable lawyers would not have done as
> defense counsel did, no relief can be granted on ineffectiveness
> grounds unless it is shown that no reasonable lawyer, in the
> circumstances, would have done so.  This burden, which is petitioner's
> to bear, is and is supposed to be a heavy one.

Petitioner Wright's inattention to this claim of ineffective assistance of counsel based on a

vague notion that his counsel's objections to the PSR somehow deprived Petitioner of an unestablished right to a sentence reduction for substantial assistance under U.S.S.G. § 5K1.1 is indicative of just how baseless and conclusory this claim is. Petitioner has failed to carry his burden of establishing the elements required by the *Strickland* standard, outlined above. He has particularly failed to show that he was prejudiced by his counsel's conduct. His claim here is too vague and conclusory to merit any remedy or relief in this action. "Conclusory allegations of ineffective assistance are insufficient. *United States v. Lawson,* 947 F.2d 849, 853 (7th Cir. 1991)." *Wilson v. United States,* 962 F.2d 996 (11th Cir. 1992).

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 15th day of December 2008.

**S/ G. MALLON FAIRCLOTH**
**UNITED STATES MAGISTRATE JUDGE**